Good morning. We have three appeals to hear this morning and counsel, if you haven't been here already this week, we're familiar with your cases. We've read your briefs, the authority cited in your briefs, at least portions of the record. You don't have a lot of time this morning, so get straight to the heart of your argument. You're probably going to get some questions from us, but we have a traffic light system. When the red light shines, it is time to stop. Please be mindful of our time. If you're answering a question though from the court, you can of course finish your answer and won't lose rebuttal time if that's something that you have this morning. Our first case this morning is Calhoun v. Brawner. Mr. Westby. Thank you, Judge. May it please the Court, Lucas Westby of Nelson Mullins on behalf of Thanquarius Calhoun. Fundamentally, the Georgia Supreme Court's decision was based on an unreasonable determination of facts under 2254 D2, and we have shown so by clear and convincing evidence. Because Mr. Calhoun's trial counsel was deficient, because he failed to adequately prepare for trial... Counsel, what facts are you talking about? Historical facts we've held over and over again. What, when, how, and where of the case? What, who, what, when, where, or how did the Georgia court get wrong? I'll go straight into two primary points. The first is this idea that the evidence presented on the motion for new trial by new counsel after trial, that that was somehow brought out by the state before trial, or at trial. I'm sorry, you're not answering my question. What historical facts leading to the federal accident did the Georgia Supreme Court get wrong? The historical facts that the Georgia Supreme Court... One point... One example I have, and this was the next item, the next example on my list, is this abnormal event that the pit maneuver occurred, because it could have been expected that driving at that speed and fleeing from the police, the pit would have played, or fleeing from the police, that a car might have struck the fleeing Sussex vehicle. That's just not what happened. What happened was the intent... I'm sorry, counsel, I'm sorry. What's the historical, who, what, when, where, how, and why fact? Maybe I'm misunderstanding your question. The facts that the court got that it determined its reasoning on were, the decision was based on these facts, that the facts presented by us after trial were brought up by the state at trial. That was one fact. The next fact was that this was an accident that was foreseeable, because when you're driving at that speed fleeing from the police, then a car may strike your vehicle, because that's not what happened. The fact that our expert was not an expert in actually performing the pit, that was a incorrect, that we showed was incorrect by clear and convincing evidence, and the idea that the, that the, that the jury instructions somehow gave an instruction on intervening cause. Those are the, those are four facts on which the, the court... Counsel, counsel, foreseeability is part of the proximate cause issue, and is a legal term in the proximate cause requirement, is it not? That is correct. Proximate cause encompasses... And the definition of proximate cause and its components, such as foreseeability, is a question of state law, is it not? No, that is a question for... So if the Georgia Supreme Court says these particular historical facts meet the qualifications and requirements of foreseeability under Georgia law, you would call that a historical fact? No, I would say that the facts on which they made that determination were incorrect, and that we've shown so by clear and convincing evidence. Well, it depends on, it depends on what the determination means under Georgia law, does it not? If foreseeability means that no human being could have thought that this kind of incredibly reckless driving would lead to a death, if that's what it means under Georgia law, then it's not a historical fact. It's a determination of Georgia law, isn't it? It's, that's a question of fact that would go to the jury, whether or not something is foreseeable... Not if the Georgia, not if the Georgia Supreme Court says it doesn't go to the jury, or not if the Georgia Supreme Court says that these jury instructions conveyed all that has to be conveyed under Georgia law to the jury. You're taking a mixed question of law and requirement, and you're calling it a historical fact. Well, I beg to differ. I think what we're saying is that the Georgia Supreme Court, and this was a unique situation because there were no findings of fact by a trial court, and so in this case, the Georgia Supreme Court was the finder of fact, and they simply did not base their decision on facts that were correct. So, whether something, so your position is whether something is foreseeable for probable cause purposes under Georgia law is a fact question, not a mixed question of law and fact. That's correct. That whether something is foreseeable under Georgia law is a question for the jury to decide as a matter of fact, a question for the fact finder. Suppose the Georgia Supreme Court says it's a question for the trial court and then for us as to whether or not the jury is instructed as it was instructed in this case. That's up to Georgia law, isn't it? What the jury gets to decide and what the court gets to decide on foreseeability. Yes, although the question, the issue with the jury instruction here was not an issue of foreseeability and proximate cause. That was an instruction on intervening cause, which is a cause that is sufficient to break the causal chain and break that chain of proximate causation. So, the jury never heard an intervening cause instruction. That's a fact. If the Georgia Supreme Court held as a matter of law that this wasn't an intervening cause, then the jury shouldn't have heard that, should it? But the jury, the Georgia Supreme Court made that determination based on unreasonable facts here. It depends, counsel, it depends on what intervening cause means under Georgia law, whether the facts in this case satisfied it or not, doesn't it? That's correct, Your Honor. And in this case, the Georgia Supreme Court simply did not consider the facts. They didn't wrestle with any of the details, any of the testimony given by, for example, the trooper who performed the pit maneuver, who testified in the motion for new trial, that he did not consider the facts. Just because they didn't discuss all the facts that you wanted discussed in the opinion, is that why, is that what you base it on, that they didn't grapple with it? I mean, they had the entire record before them and determined that there was not an intervening cause as a matter of law. How are we to say that that was based on an unreasonable determination of facts? Because the facts that they point to to reach that determination are unreasonable. For example, this idea that the policies and procedures were brought out by the state at trial, that simply, what we brought out on our motion for new trial was different. We brought out the use of force policy. We brought out the pursuits policy. We walked through exactly why, under these particular circumstances, the pit maneuver had, there were far more considerations than were testified to at the state court, at the trial court level. So you, so it's your position that the testimony that Trooper Sandler provided or Sadler provided regarding the training he received, even recognizing or conceding that most people are trained with the pit maneuver at 35 miles an hour around that time, that that still wasn't sufficient to provide the evidence that you all wanted with respect to the policy? That's correct, Your Honor. For example, there was no discussion of the use of deadly force. And the fact that deadly force was being used on a passenger in this case. But just because they didn't discuss it doesn't mean they didn't consider it. There's no evidence that they considered it. We don't, we don't, why wouldn't we not presume that the Georgia Supreme, that the State Supreme Court considered everything in the record? Because They don't say we failed to, that, you know, we're setting aside this or that from the record. And just because they mention some facts, we have to give the benefit of the doubt under the anti-terrorism and effective death penalty. We have to give the benefit of the doubt to their decision, which means we have to, even if they don't discuss a fact, we have to, we have to presume they consider it. Well, and to answer your question, and I see that I'm out of time, but to answer your question, I think the Georgia Supreme Court laid out their reasoning in their opinion. And they laid out the facts on which they based their reasoning. And in that Yeah, but if they don't say, if they don't say, and this is all we consider, that doesn't mean that we are to presume that is all they considered. Well, if that's the case, then any time a state court makes a decision and lays out their reasoning, that would lead to the conclusion that This law is a very deferential law. And I understand that, Your Honor. But in this case, they did lay out their reasoning. And in that reasoning, those facts are not a part of it. You saved five minutes. Let's hear from Mr. Malcolm. Counsel, before you sit down, Counsel, let me ask you one other question so your opposing counsel have an opportunity to address it as well. You read the two decisions that the clerk asked you to be familiar with for argument Ponder and Smith, correct? Yes, Your Honor. All right. Your position, as I understand it, throughout has been that the Pitt maneuver was reckless, contributed to the death of the defendant in the case, the third party. And as a result, that was, under Georgia law, a foreseeable consequence Well, not a foreseeable consequence, his death, because the recklessness of the law enforcement officer was an intervening cause. That's your position, right? Well, that's mostly right. Under Georgia law, an intervening cause can also be an abnormal reaction. And that's primarily what we argue in this case, that the Pitt maneuver, under the circumstances with other occupants in the vehicle, was How can you reconcile that with Smith? You know what the law enforcement officer did in that case leading to the death of the innocent third party, don't you? That's right, but He ran through a red light He ran through a red light at high speed and rammed into a car that had the right of way. Correct? That's correct. And as The Georgia Supreme Court held in that case that that was not an intervening cause and that the death of someone, innocent party, in a high speed chase was foreseeable when the defendant is the one that caused the police officers to kiss him. So how can you distinguish those reasonings and principles from this case? I think I can distinguish them this way. One, it was different. They did not consider intervening cause in their decision. They based their decision on a set of stipulated facts and a bench trial, if I recall reading that correctly. So the facts were stipulated and the issue was whether there was enough the evidence was sufficient viewed in light to the verdict. If there was sufficient evidence to convict and the Georgia Supreme Court said there was sufficient evidence to convict, there was no evidence as we've put in on our motion for new trial there was no evidence of the police policies in terms of should the The police have a policy and every community has a policy that you don't run red lights and that it's dangerous to do so and you shouldn't do it. That was part of the Smith case and the Georgia Supreme Court said nonetheless when you drive this recklessly you're saddled with the consequences that result from a police chase. And I would distinguish it this one other way your honor and that is the characterization of that accident in Smith and I have no reason to say otherwise is that it was an unavoidable accident that flowed from the pursuit of the suspect here. Here there was an intentional avoidable decision made by law enforcement to act with deadly force that is force that would The problem is that intentional decision by the officers is one that that is to stop the defendant from continuing to endanger the public right? That's what happened here and it is and the Georgia Supreme Court says it's totally foreseeable to a defendant driving this recklessly that law enforcement will try to do something to stop him from continuing to endanger the public and your honor that's not what they said it's not foreseeable that a car would strike his car and it's I mean we can agree that it's foreseeable that if you're driving down 85 in the normal course a car might strike your car but that's unreasonably rewriting the facts of this case so now the law enforcement made an intentional decision and the Georgia Supreme Court didn't say we're taking this out of the jury's hands and deciding that this is not an intervening cause. They rewrote the facts to make a general statement and so it was a slightly different case. Okay you've got five minutes let's hear from Mr. Malcolm Good morning, may it please the court my name is Clint Malcolm I represent the appellee in this case and we're asking you to affirm the district court's denial of habeas relief Counselor, is it correct to say that there's already been a concession that Mr. Calhoun received at least that his counsel was not as confident at trial, is that correct? I'm a deficient performance prong of Strickland and there is also it appears to be a concession that the use of the pit maneuver the speed at which the pit maneuver was used was outside of the speed that officers are generally trained when it comes to using that procedure I think Trooper Sattler testified to that, correct? There was some testimony at trial about that there was also some potentially conflicting testimony about speeds which they can perform it at, but not necessarily what they were trained at, so I believe they were trained at 35 to 40 miles an hour, but I don't believe there was any testimony that said their policies prohibited them from using a pit at more excessive speeds when they go through the other considerations they need to before making that final decision But are you aware as to the reason why the recommendation is that the pit maneuver not be used at speeds that exceed 35 or even I think I saw 45 at the high end in the record I think there's some testimony, at least at the motion for new trial about obviously the more excessive the speed is, the more possibility for danger I don't think anybody disagrees with that, but going back to how it relates to this case, which is the sort of reasonable foreseeability that we've been discussing and how that relates to proximate cause and whether the trooper's actions was an intervening cause, which the Georgia Supreme Court conclusively said it was not, and the Georgia Supreme Court went into a very in-depth analysis, talked about proximate cause, talked about intervening cause, and certainly made determinations that what ultimately happened in this case was reasonably foreseeable to Mr. Calhoun based on his own felonious conduct, his decision to flee from police at 120 miles an hour to pass vehicles out on the busy stretch of I-85. And if I understand Judge Carnes' question correctly, which I would tend to agree that what's being presented is a mixed question of law and fact, could it not be that after the Georgia courts defined what an intervening cause is whether or not there were facts to support the existence of an intervening cause should have gone to the jury? I think that's what arises in her dissent in the Smith case. I'm familiar with that and I think, so obviously what went to the jury was the evidence that was presented by both sides and I think my friend on the other side's argument is his trial attorney should have done a better job or presented a more thorough defense and challenged causation and proximate cause. But what the Georgia Supreme Court reasonably concluded was that that wouldn't have mattered under these facts in this case, and that was a reasonable conclusion in how they applied Strickland prejudice to this case. Because no matter what counsel would have done or argued or said to the jury  Mr. Calhoun's conduct, his felonious conduct, set this whole series of events into motion and led to the death of his passenger in his vehicle. So his conduct was the proximate cause and there was no intervening cause. No intervening cause. And the Supreme Court dealt with that. That's a determination of state law. I agree with you. About which the Georgia Supreme Court has the final word. They obviously dealt with that issue of state law on intervening cause and they talked about reasonable foreseeability and they used that in their ultimate determination of no Strickland prejudice here. And as we've argued in our briefs that was not an unreasonable application of Strickland prejudice and we certainly don't believe there was any unreasonable determinations of the facts by the state court either. I'm happy to answer any further questions from the court, but if I don't hear any questions that would conclude my argument. Judge Collins, do you have any questions? No, thank you. Okay. Thank you, Judge. Thank you, Mr. Malcolm. Mr. Westby. Mr. Westby, one of the things the Georgia Supreme Court said was regardless of whether the policies and procedures were brought out, they said nothing presented at the hearing on the motion for new trial would have established that the use of the Pitt maneuver was an intervening cause. Doesn't that require us to defer to their determination? It shows that even if we consider everything you say should have been considered, it's not enough for intervening cause. Well, that does touch on our 2254-D1 argument that that standard is different than the reasonable probability standard under Strickland. But to your question, I don't think so. I think they came to the conclusion that it was not an intervening cause based on the unreasonable facts that they They said nothing presented at the hearing on the motion would have established that the use of the Pitt was an intervening cause. I mean, we have to give them the benefit of the doubt that they're saying everything you brought out, we've considered it, it's not enough for intervening cause. That's not limiting the facts to just something discreet that you think is unreasonable. It's everything you've presented. But the determination at the end of the day, and I understand that EDPA is a deferential standard, but the determination at the end of the day is, is there clear and convincing evidence that the facts that they relied on are wrong? The facts they're relying on is everything you presented as fact at the motion for new trial. That's what they're saying. We've considered everything you presented as fact. It's not enough for it to be intervening cause. That's what they're saying. But that is a jury question. And Counsel, I'm sorry. Georgia Supreme Court says as a matter of Georgia law, it wouldn't have been enough and shouldn't have gone to the jury, which is the clear implication of their decision. Who are we? Who are you? Who is anybody other than the Georgia Supreme Court to say that's an error of Georgia law? Well, I'm basing their decision on the facts of the case, so that is, they're taking that question out of the hands of the jury. Of course they do, Counsel. Judges do that all the time. You can ask for an insanity charge. You can ask for all kinds of charges in criminal trial. And the trial judge has the right to say, and the Court of Appeals has the right to affirm, and the Georgia Supreme Court does too, that no, you haven't made a factual predicate there. That doesn't matter. It does not matter if the pit maneuver was reckless. It does not matter that most officers wouldn't have performed the pit maneuver. Under Georgia law, that doesn't keep a death as a result of a 120 mile per hour reckless evasion of law enforcement from being a foreseeable cause. Well, you do cite to the Georgia statute 40 40-6 that does provide an exception when it comes to whether or not an intervening or proximate cause applies. And that's the reckless disregard on the law enforcement's part. So in terms of facts, if we are to decide whether or not indeed under Strickland the Court's determination was unreasonable, what are you saying was unreasonable about the use of the pit maneuver beyond the fact that it was excessive speed as per the policies? The primary reason the pit maneuver was unreasonable here. And to be clear the Court doesn't need to decide that the pit maneuver was unreasonable in this case. The Court just needs to say that's an issue for the jury. The jury never got to hear it. And had the jury heard it, then the state would have had to prove by preponderance of the evidence that the... But that turns on a question of state law. That just gets me back to the problem that we were discussing earlier. The Georgia Supreme Court, it seemed to me, very clearly said, we've considered all the facts you've presented at the motion for a new trial and it's not enough for it to be an intervening cause. I quoted you that portion of their opinion. We have to give that, you agree, under ADEPA, the benefit of the doubt. That they did do that, in fact. They considered all those facts and said, regardless, it's not enough for it to be an intervening cause. Which is a determination of Georgia law. Not a determination of fact. We've considered all your facts. That was, again, a footnote of their reasoning and not the reasoning that... I don't think we get to disregard it under ADEPA because it was in a footnote. Look, I have never written a footnote in an opinion but for the first one I ever wrote. And I don't like footnotes, but I don't stop giving difference to them just because other judges prefer to use them. I'm just suggesting that we need to focus on the reasoning they laid out in their opinion and they based it on facts. And back to Judge... Their opinion is in the footnote too, right? The footnote is in the opinion, that's correct. And Judge Booter, I recognize I'm out of time but I can answer your question. You can finish. To answer your question, the primary thing that we're focused on is that their training and the testimony of the trooper who performed the pit maneuver showed that they need to consider the lives of innocent bystanders. That passengers are considered innocent bystanders. And that he knew he was trained and he knew at the time that he did the pit maneuver that he was using deadly force on an innocent bystander and then finally he had another option and this is where his counsel really dropped while he had another option they could have discontinued the chase. The predicate offense at that point was speeding and I know there was flight but the offense, there was not a violent offense that they were aware of. Okay. Counsel, which of those factors was not present in the law enforcement officer contrary to the law ran through a red light with oncoming traffic across roads? That's reckless. Isn't it? Isn't that reckless? But there's not an intentional use of deadly force by the officer on the There's an intentional There's an intentional use There's an intentional decision to drive a vehicle weighing several thousand pounds through a red light without regard to oncoming traffic on the cross roads. And I would argue that that is different than an intentional use to use deadly force on someone that is considered an innocent bystander in order to stop a fleeing suspect. Okay. Okay. Mr. Westby, we've got your argument We're going to hear the second case Nelson v. Sellers.